UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAURABH S., | |
| Petitioner, | No. 1:26-cv-00645-TLN-SCR |
| v. | **ORDER** |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Saurabh S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (*Id.*)

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant habeas action arises out of Petitioner's arrest and detention by immigration authorities without notice or a hearing.[2]  (ECF No. 11.)  On February 13, 2026, the Court, granted

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    The Court incorporates the factual background set forth in full in the Court's February 13,

1

injunctive relief and ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (ECF No. 13.) Respondents filed a response to the Order to Show Cause ("OSC"). (ECF No. 15.) Petitioner filed a reply. (ECF No. 16.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner challenges his detention without notice or a hearing as violating his due process rights. (ECF No. 1 at 6–17.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see*

---

2026 Order granting Petitioner's motion for a TRO. (ECF No. 13.)

2

*Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to step one, the Court finds Petitioner gained a protected liberty interest in his continued freedom when he was released on his own recognizance[3]. (ECF No. 11 at 3–5.) This release was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *See Morrissey*, 408 U.S. at 482. Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 15 at 3.) The Court has already rejected this argument and declines to reconsider its conclusion. (ECF No. 13 at 4–5.)

Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

As to step two, the Court has considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and finds that Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted. First, Petitioner has a substantial private interest in his own freedom adversely affected by the Government's actions to detain him. Second, the risk of this interest being erroneously deprived is considerable because Petitioner

---

[3]     Petitioner variously states that he "entered the United States on March 27, 2023" and was released on his own recognizance "[a]fter a brief four-day detention," was "released on bond on March 27, 2023," and was "previously released on March 23, 2023." (ECF No. 11 at 1–5.) Respondents do not dispute that Petitioner was released (*see generally* ECF Nos. 9, 15) and the precise date of release is immaterial.

received virtually no procedural safeguards.  Third, the Government has shown no legitimate interest in Petitioner's detention, and the cost and time of procedural safeguards are minimal.  Upon consideration of these factors, the Court thus finds Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted.  He received neither.  Petitioner's detention therefore violates due process.[4]

Accordingly, the Court finds Petitioner's detention without notice or a hearing violates due process.  The Court GRANTS Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1.)

**IV.   CONCLUSION**

IT IS HEREBY ORDERED:

1.      Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.      Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where Respondents show: (a) material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be

---

[4]      Respondents appear to raise two additional arguments which bear on the *Matthews* analysis.  First, Respondents urge the Court to consider records from India which allegedly establish that Respondent fled that country to escape serious criminal charges.  (ECF 15 at 2.)  However, the attached "Exhibit A" referenced in their Response to the Court's OSC does not exist.  (*Id.*)  Presumably, Respondents are referring to the documents attached to their Motion to Dismiss.  (ECF 9 at 3-17.)  The Court declined to consider these records in ruling on the TRO and will not do so now.  (ECF 13 at 6, n. 4.)  Respondents also allege that "Petitioner has requested multiple continuances in [his] immigration . . . case."  (ECF 15 at 2.)  The Court also declines to consider this undeveloped, conclusory argument, but notes that, in any case, such requests would not waive Petitioner's due process right to a pre-deprivation hearing before a neutral arbiter.  *See Glob. Horizons, Inc. v. U.S. Dep't of Lab.*, 510 F.3d 1054, 1058 (9th Cir. 2007) (finding district court did not abuse its discretion when it declined to address "conclusory one-sentence argument[s]"); *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937) ("[C]ourts indulge every reasonable presumption against waiver" of constitutional rights).

allowed to have counsel present.

   3.   The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 9, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5